UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE ALEXANDER MCNEIL | ) ) ) ) ) ) | 2:25-mc-00150-SDN |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Petitioner seeks a declaration that he was a victim of human trafficking. (Complaint, ECF No. 1.)[1] In addition to his complaint, Plaintiff filed an application to proceed without the prepayment of the filing fee (ECF No. 3), which application the Court granted. (Order, ECF No. 5.) Pursuant to the statute that governs matters filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter without prejudice.

**FACTUAL ALLEGATIONS**

Plaintiff asserts that he suffered severe forms of sexual abuse, forced labor, coercion, and exploitation from the age of sixteen to the age of twenty-one. Plaintiff escaped his trafficker but still faces danger due the failure of governmental agencies to provide protection. Plaintiff asks the Court to order all state and federal agencies to

---

[1] The operative pleading is captioned as a petition filed by a petitioner. For purposes of this recommended decision, I consider the pleading to be a complaint for declaratory judgment. Accordingly, I refer to the pleading as a complaint and to petitioner as Plaintiff.

recognize his status as a victim of human trafficking and to provide him with the protections and services available under the Trafficking Victims Protection Act.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This

is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). That is, issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005).

The authority of federal courts extends only to "Cases" and "Controversies." U.S. Const. art. III, § 2. From those terms, the Supreme Court has crafted several overlapping and closely related justiciability doctrines, including standing, ripeness, and mootness, *see Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975); *Rhode Island Ass'n of Realtors, Inc. v. Whitehouse*, 199 F.3d 26, 29 (1st Cir. 1999), to determine which litigants can "assert particular claims" and the "appropriate timing of judicial intervention," *Renne v. Geary*, 501 U.S. 312, 320 (1991). To have standing, a plaintiff must establish (1) an injury in fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical;

3

(2) a causal connection between the injury and conduct complained of; and (3) it must be likely as opposed to merely speculative that the injury could be redressed with a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "[R]ipeness then asks whether an injury that has not yet happened is sufficiently likely to happen, and mootness asks whether an injury that has happened is too far beyond a useful remedy." *McInnis-Misenor v. Maine Med. Ctr.*, 319 F.3d 63, 69 (1st Cir. 2003) (quoting E. Chemerinsky, Federal Jurisdiction § 2.4.1, at 114 (3d ed.1999)).

The Declaratory Judgment Act authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," but only "in a case of actual controversy within [that court's] jurisdiction," 28 U.S.C. § 2201(a), which incorporates "the type of 'Cases' and 'Controversies' that are justiciable under Article III." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 916 F.3d 98, 110 (1st Cir. 2019) (quotation marks, modifications, and citations omitted).

> [The Supreme Court's] decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." . . . "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (citations omitted).

Here, the allegations in the complaint fail to establish a justiciable case or controversy because although Plaintiff seeks declaratory relief, he has not named an adverse party or described specifically the actions of an individual or entity that would be the adverse party in a case or controversy. A victim of human trafficking may have remedies available under federal law against a perpetrator of human trafficking and may have enforceable rights or the ability to challenge an unfavorable decision of a governmental entity after a decision is made, *see* 22 U.S.C. § 7101, et seq; 18 U.S.C. § 1595, but in the absence of a named defendant or specific government action, the Court lacks the authority to issue what would essentially be an advisory opinion regarding Plaintiff's claim of human trafficking.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of April, 2025.